**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Troy Frew, | ) No. CV-07-1372-PHX-DGC |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Coit Services, Inc., a foreign corporation; Robert Kearn and Jane Doe Kearn, husband and wife; and John F. Dedrick and Jane Doe Dedrick, husband and wife, | ) |
| Defendants. | ) |

Defendants have filed a motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. #7. Plaintiff has responded and Defendants have replied. Dkt. ##13, 15. The Court will grant the motion in part.[1]

**I.    Background.**

In July 2002, Plaintiff Troy Frew agreed to sell the Coit Tucson Store ("Store") to Defendant Coit Services, Inc. ("Coit") pursuant to an Asset Purchase Agreement ("Agreement"). The Agreement required that Coit pay Frew a cash down payment and

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence, and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

monthly payments of a Royalty Fee for five years. The Royalty Fee was calculated as six percent of all Top Line Sales of the Coit Tucson Store.

During the first twenty-two months, Plaintiff complained that Coit consistently missed payments and took invalid deductions from the payments actually made. Moreover, Coit told Plaintiff that revenues and net sales of the Store had dropped, resulting in lower Royalty Fee payments. Coit later sold the Store without Plaintiff's consent. Coit stopped paying the Royalty Fee on April 1, 2004.

Plaintiff filed a verified complaint against Defendants in state court on May 31, 2007. The complaint asserts seven causes of action: breach of contract, breach of the covenant of good faith and fair dealing ("breach of covenant"), fraud, negligent misrepresentation, specific performance, rescission, and unjust enrichment. Dkt. #1, Ex. 1. Defendants removed the action to this Court based on diversity jurisdiction. Dkt. #1.

**II.     Rule 12(c) Standard.**

A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to relief. *See Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

**III.    Analysis.**

   **A.     Statute of Limitations.**

Defendants contend that the applicable statutes of limitations bar Plaintiff's fraud, misrepresentation, breach of covenant, and unjust enrichment claims. Dkt. #7 at 3-4. Plaintiff maintains that all claims are timely.

To survive a Rule 12(c) motion, a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8, which require "a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Porter v. Jones*, 319 F.3d 483, 494 (9th

Cir. 2003) (quoting Fed. R. Civ. P. 8(a)(2)). Compliance with the applicable statutes of limitations is not a pleading requirement under Rule 8, and dismissal on such grounds generally is improper. *See Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2003). Indeed, a statute of limitations defense does not justify dismissal of a claim "'unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (citation omitted).

The parties agree on the applicable limitation periods, but disagree on when the periods began to run. A two-year limitation period applies to tort and negligence claims, *see* A.R.S. § 12-542, a three-year period to fraud and unjust enrichment claims, *see* A.R.S. § 12-543, and a six-year period to breach of contract claims, *see* A.R.S. § 12-548. Under Arizona's discovery rule, "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995).

Defendants contend that Plaintiff knew or should have known about the fraud and misrepresentation claims by April 1, 2004, the date Coit stopped making payments under the Agreement. Dkt. #7. While Plaintiff admits that the last payment was received April 1, 2004, he alleges that he did not know of the fraud and misrepresentation until the Summer of 2005, when he learned that the administrator of the Agreement had been criminally investigated for fraud and embezzlement. Dkt. #1, Ex. 1 ¶¶ 38-39, 47-52; *see* Dkt. #13 at 5. Plaintiff therefore asserts that the applicable two- and three-year statutes of limitations do not bar Plaintiff's misrepresentation and fraud claims, which Plaintiff asserted on May 31, 2007. Plaintiff argues that although breach of contract may have been obvious on April 1, 2004, fraud and misrepresentation were not knowable on that date, especially given Coit's strong business reputation. The Court concludes that when Plaintiff knew or should have known about the fraud and misrepresentation claims is a factual question properly decided after discovery.

Defendants also contend that Plaintiff's breach of covenant claim is a tort claim, rather than a contract claim, and thus the two-year statute of limitations period applies. Dkt. #7 at 6. Arizona courts hold that such a claim is contractual unless there is a special relationship between the parties arising from elements of public interest, adhesion, and fiduciary responsibility, in which case a party may plead in tort. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 29 (Ariz. 2002). Courts have recognized this narrow exception in the insurance industry due to the unique relationship between the insurer and the insured. *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 913 P.2d 1092, 1094 (Ariz. 1996).

In this case, neither side asserts a special relationship between the parties. The transaction at issue involved arms-length negotiations between sophisticated business people. Defendants nonetheless assert that Arizona courts have consistently referred to a breach of the covenant of good faith and fair dealing as a tort. All of Defendant's cited cases fall within the insurance tort exception. *See* Dkt. #15 at 5-6 (citing *Taylor*, 913 P.2d at 1095; *Deese v. State Farm Mut. Auto Ins. Co.*, 838 P.2d 1265, 1267-68 (Ariz. 1992); *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981); *Enyart v. Transamerica Ins. Co.*, 985 P.2d 556, 562 (Ariz. Ct. App. 1998); *Ness v. W. Sec. Life Ins. Co.*, 851 P.2d 122. 125 (Ariz. Ct. App. 1992)). Neither the insurance exception nor the more general special relationship exception applies here.[2]

Defendant also contends that because Plaintiff seeks compensatory and punitive damages, Plaintiff has pled the good faith and fair dealing claim as a tort. While Plaintiff may be entitled only to contract damages for the breach of covenant claim, compensatory and punitive damages may be available in light of Plaintiff's other tort claims.

---

[2] Defendants argue that the Arizona Supreme Court held in *Wells Fargo* that even ordinary breach of covenant claims sound in tort. Dkt. #15 at 6. This is not correct. *Wells Fargo* expressly recognized and applied the distinction described above – that such claims sound in contract when no special relationship exists. *See* 38 P.3d at 29, ¶¶ 60-61.

- 4 -

Finally, at least a portion of Plaintiff's unjust enrichment claim survives Defendants' Rule 12(c) motion. "Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One, Ariz.*, 48 P.3d 485, 491 ¶ 31 (Ariz. Ct. App. 2002). Although the three-year statute of limitations bars any unjust enrichment that occurred more than three years before the filing of this suit on May 31, 2007, it does not bar unjust enrichment that occurred thereafter. Under the Agreement, payments were due Plaintiff after May 31, 2004. The Court cannot conclude beyond doubt that no unjust enrichment occurred after that date.

The Court will deny the motion with respect to Defendants' statute of limitations arguments.

**B.     Negligent Misrepresentation.**

Defendants contend that Plaintiff's negligent misrepresentation claim is conclusory and that the claim focuses only on Defendants' promises of future conduct rather than on Defendants' past or present actions. Negligent misrepresentation "is committed by the giving of false information intended for the guidance of others and justifiably relied upon by them causing damages if the giver of the false information fails to exercise reasonable care in obtaining or communicating the information." *St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 742 P.2d 808, 813 (Ariz. 1987). Plaintiff alleges that Defendants did not exercise reasonable care in providing accurate information regarding the Store's revenues, which by formula would affect the Royalty Fee payment amounts due under the Agreement. Dkt. #1, Ex. 1 ¶¶ 47-52. Plaintiff further alleges that his reasonable reliance on inaccurate payment estimates injured his ability to collect the proper amount from Defendants. *Id.*

Plaintiff has satisfied the minimal pleading requirements for a claim of negligent misrepresentation. The complaint sets forth a short and plain statement of the claim as required by Rule 8. *See Porter*, 319 F.3d at 494.

Defendant further contends that the negligent misrepresentation claim fails because it is based only on initial promises to pay the Royalty Fee, which would be merely a promise of future conduct. Dkt. #7 at 5. A promise of future conduct is not a statement of fact

capable of supporting a claim of negligent misrepresentation. *See McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992). Plaintiff's claim, however, is based not on the original promise to pay, but rather on the allegedly inaccurate information used to calculate each monthly Royalty Fee. Dkt. #1, Ex. 1 ¶¶ 47-52; *see* Dkt. #13 at 8. The Court will deny the motion with respect to the negligent misrepresentation claim.[3]

**C.    Fraud.**

Defendant argues that while Plaintiff has pled each element of fraud in general, Plaintiff has not pled them with the necessary specificity. Dkt. #7 at 6-8. The Court agrees that Plaintiff has not met the heightened pleading standard for fraud.

To prevail on a fraud claim under Arizona law, a plaintiff must show:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; [and] (9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 647 P.2d 629, 631 (Ariz. 1982); *see Haisch v. Allstate Ins. Co.*, 610, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (citing *Echols*).

Rule 9 requires that the circumstances constituting fraud "be stated with particularity." Fed. R. Civ. P. 9(b). To allege fraud with particularity, "the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). A plaintiff must also "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must state the "who, what, when, where, and how of the misconduct charged").

---

[3] Defendant argue in their reply that Plaintiff's misrepresentation claim is defective because if fails to allege that the bases for payments were in fact communicated to Plaintiff. Dkt. #15 at 8. This argument will not be considered because it was not asserted in Defendants' motion.

In this case, Plaintiff does not specify any particular time, date, or location of the alleged representations. Nor does Plaintiff specify what about the representations' content or surrounding circumstances was intentionally false. *See* Dkt. #1, Ex. 1 ¶¶ 38-42. Instead, Plaintiff asserts only that Defendants made "false, fraudulent, and misleading representations . . . concerning [Defendants'] true . . . intent not to honor the terms of the Agreement and to either underreport or fail to report the actual Net Sales," and that during the post-Agreement period Defendants "fraudulently reported, underreported, and/or concealed the actual revenues and Net Sales . . . for the intended purpose of underpaying." *Id.* ¶¶ 38–39. These conclusory allegations do not satisfy the heightened pleading requirements of Rule 9(b).

The Court will grant Defendants' motion with respect to Plaintiff's fraud claim. In accordance with Plaintiff's request, the Court will grant Plaintiff leave to amend his complaint pursuant to Rule 15(a). Plaintiff shall have until October 19, 2007 to file an amended complaint that amends only the fraud claim.

### D.     Unjust Enrichment.

Defendants contend that Plaintiff's unjust enrichment claim fails because unjust enrichment cannot exist in the presence of a valid contract and because other remedies exist. Dkt. #7 at 9-10. This may be true, but Rule 8 provides that a "party may set forth two or more statements of a claim or defense alternatively or hypothetically" and "may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Fed. R. Civ. P. 8(e)(2).

### E.     Specific Performance and Rescission.

Defendant argues that specific performance and rescission are merely remedies, not independent claims. Dkt. #7 at 10 (citing *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 345 (Ariz. Ct. App. 1996); *Hovey v. Sup. Court*, 298 P.2d 416, 420 (Ariz. Ct. App. 1990)). Plaintiff agrees to the dismissal of his specific performance and rescission claims. Dkt. #13 at 1 n.1. The Court accordingly will grant the motion with respect to these claims.

**IT IS ORDERED:**

1.     Defendants' motion for partial judgment on the pleadings (Dkt. # 7) is **granted**

1  with respect to Plaintiff's fraud, specific performance, and rescission claims, and **denied** with respect to all other claims.

2. Plaintiff shall file an amended complaint (amending only the fraud claim) by **October 19, 2007**.

DATED this 2nd day of October, 2007.

_____
David G. Campbell
United States District Judge